**H. A. Fleckles for use of A. C. Greenbaum, Defendant in Error, v. General Film Company, Plaintiff in Error.**

**Gen. No. 19,720.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. THOMAS F. SCULLY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

### Statement of the Case.

H. A. Fleckles, suing for the use of A. C. Greenbaum, secured a judgment against General Film Company, a corporation, which filed a petition to vacate the same. By order of court, the petition was stricken from the files. Defendant corporation sued out a writ of error to review the original judgment and the action of the trial judge in striking the petition.

RICHARD J. COONEY and JOHN A. VERHOEVEN, for plaintiff in error; ZIMMERMAN & MYERS, of counsel.

RUDOLPH FRANKENSTEIN, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*what essential to pre-serve questions for review.* Where no statement of facts, sten-ographic report or bill of exceptions was tendered or presented to the trial court to preserve a petition to vacate a judgment in the Municipal Court, or any evidence that might have been heard by the court in considering the petition, or its action on the petition, there remains nothing of record for review by an Appellate Court.

2. APPEAL AND ERROR, § 800*—*when motion must be incorporated in the bill of exceptions.* A clerk of a court of record cannot make a written motion part of the record by copying it into the transcript.

3. APPEAL AND ERROR, § 800*—*what must be incorporated in the bill of exceptions.* A motion upon a petition to vacate a judgment does not become a part of the record for the purpose of error or appeal unless it is made so by the bill of exceptions.

4. MUNICIPAL COURT OF CHICAGO, § 5*—*when judicial notice will not be taken of the rules by an Appellate Court.* The Appellate Court cannot judicially know what the rules of the Municipal Court of Chicago require.